# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

RICKY J. DAUGHERTY,     )
            )
    Petitioner,     )
            )
  vs.          )    **Case No. 4:07CV1530HEA/MLM**
            )
DAVE DORMIRE,     )
            )
    Respondent.    )

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the court is the Petition Under 28 U.S.C. § 2254 by a Person in State Custody filed by Petitioner Ricky J. Daugherty ("Petitioner"). Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 8. Petitioner filed a Traverse. Doc. 16. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 2.

## I.
## BACKGROUND

Petitioner was charged by Amended Information, dated June 6, 1989, with four counts of the Class B felony of sodomy in that between March 1988 and April 13, 1989, in Clark County, Missouri, he had deviate sexual intercourse with E.M.D., to whom Petitioner was not married and who was then less than fourteen years old. Resp. Ex. 2 at 7-9.

The Missouri appellate court described the testimony at Petitioner's trial as follows:

> On April 18, 1989, Pamela Daugherty awoke at 5:30 a.m. to discover defendant attempting to awaken his nine year old daughter, E.M.D. When Mrs. Daugherty asked why defendant wanted to awaken her, defendant replied that she needed to take the clothes off the line because it was sprinkling. Mrs. Daugherty told defendant not to disturb E.M.D. and defendant immediately left for work. Mrs. Daugherty went downstairs and noticed the clothes were already in baskets inside the house, they were dry and it was not raining outside. Shortly thereafter Mrs.

Daugherty awakened E.M.D. and asked about why her father tried to wake her so early. E.M.D. responded that defendant would awaken her and take her downstairs where he would take her clothes off and have her perform oral sex on him. Mrs. Daugherty called defendant at work to confront him and told him not to come home. She then took E.M.D. to Social Services.

Dr. Peter Dureska examined E.M.D. on May 22, 1989, and found physical evidence to support a sexual abuse charge. At trial, Dr. Dureska was asked by the prosecutor, "Now, would you tell the jury, please, what [E.M.D.] told you?" Defense counsel made a hearsay objection which was overruled. Dr. Dureska testified that E.M.D. told him her father was touching her in her privates by placing a finger in her genital area.

E.M.D. testified that she had to perform oral sex on her father at least ten times and that while she did so he would say that she was "spoiling him." She also testified that defendant had told her that girls in high school shaved off their pubic hair to make them look older because it grew back quicker.

The prosecutor recalled Mrs. Daugherty and asked, "I need to ask you a couple of questions about your sex life with Defendant, is that OK?" Defense counsel objected to this as irrelevant, but the objection was overruled. In response to the prosecutor's questions, Mrs. Daugherty testified that defendant used the term "spoiling him" when she performed oral sex upon him and that defendant had asked her to shave her pubic hair.

State v. Daugherty, 823 S.W.2d 33, 34-35 (Mo. Ct. App. 1991).

After being convicted by a jury the court sentenced Petitioner to four consecutive terms of

five years' imprisonment. As previously stated by this court:

Petitioner filed a direct appeal and on December 14, 1989, the Missouri appellate court suspended proceedings pending judgment in Petitioner's post-conviction relief proceedings as the procedure then in effect called for filing a consolidated appeal.[1] The Motion court denied Petitioner's Rule 29.15 State

---

[1]     In his direct appeal Petitioner raised the following two issues: (1) "the trial court erred in overruling the objection to the State's questions to Pam Daugherty regarding statements made by defendant while engaged in oral sex with Mrs. Daugherty and regarding defendant's request that Mrs. Daugherty shave her pubic hair," and (2) "the trial court erred in failing to sustain defendant's objections to the testimony of examining physician, Dr. Dureska, concerning statements made to him by E.M.D. and not within any hearsay exception." Daugherty, 823

post-conviction relief motion on March 13, 1990; Petitioner did not appeal the decision of the motion court; the Missouri appellate court denied Petitioner's direct appeal on October 29, 1991, in State v. Daugherty, 823 S.W.2d 33 (Mo. Ct. App. 1991); the Missouri appellate court issued the Mandate in Daugherty, 823 S.W.2d 33, on November 18, 1991; in 2002 Petitioner filed a pro se motion in the motion court alleging abandonment of post-conviction counsel and requesting that his Rule 29.15 proceedings be reopened[2]; the motion court denied this pro se motion based on a lack of jurisdiction; on July 29, 2003, in Daugherty v. State, 116 S.W.3d 616 (Mo. Ct. App. 2003), the Missouri appellate court reversed and remanded Petitioner's pro se motion to the motion court on the basis of jurisdiction without addressing the merits; on remand, the motion court appointed counsel for Petitioner; Petitioner requested a change of counsel which was denied; Petitioner elected to proceed pro se on the remand of his motion requesting that Rule 29.15 proceedings be reopened; the motion court denied Petitioner's motion on the merits finding that Petitioner was not abandoned by post-conviction counsel; Petitioner appealed the second decision of the motion court regarding his pro se motion to reopen Rule 29.15 proceedings; on January 4, 2005, in Daugherty v. State, 159 S.W.3d 405 (Mo. Ct. App. 2005), the Missouri appellate court affirmed the second decision of the motion court thereby denying Petitioner's pro se motion in which he sought to reopen State post-conviction proceedings on the grounds that he had been abandoned by counsel[3]; and Petitioner filed motions for transfer, the second of which was denied on April 26, 2005. The docket sheet from Petitioner's direct appeal, ED571688, reflects that Petitioner filed a motion to recall the mandate on May 16, 1991, which was granted on June 18, 1991. Resp. Ex. 9. The docket sheet also reflects that Petitioner filed a motion to

---

S.W.2d at 35-36.

[2]     Petitioner's allegations of ineffective assistance of post-conviction counsel in his pro se motion requesting Rule 29.15 proceedings be reopened were described as follows by the Missouri appellate court:

> Daugherty's allegations include that his post-conviction counsel: had a conflict of interest, failed to file a brief in Daugherty's direct appeal, failed to order and review his sentencing transcript for possible errors, failed to provide him with copies of legal documents and transcripts, fraudulently filed an unverified Rule 29.15 motion (which omitted several issues and failed to cite legal authority), failed to file any amended motion, failed to answer interrogatories from the state, failed to advise Daugherty ahead of time as to the nature of the hearing he was attending (resulting in Daugherty's belief that he was attending proceedings related to his divorce), failed to subpoena or even contact certain witnesses, came to the Rule 29.15 evidentiary hearing unprepared, and generally did an inadequate job at that hearing.

Daugherty, 116 S.W.3d 616, 618 n.3 (Mo. Ct. App. 2003).

recall the mandate on March 9, 2004, which was denied without explanation on March 22, 2004, and a motion to recall the mandate on July 11, 2005, which was denied without explanation on June 28, 2006. Resp. Ex. 9. Petitioner also filed a petition for writ of mandamus in <u>Daugherty v. State</u>, Case ED76979, on October 22, 1999, which was denied on November 5, 1999, by docket entry, without explanation. Petitioner filed his § 2254 Petition on August 27, 2007.

Doc. 15 at 3-4.

In his § 2254 Petition, Petitioner raises the following issues:

**1.**     Trial counsel was ineffective for failing to call witnesses who would have testified as to Petitioner's "actual innocence."

**2**.     Petitioner's direct appeal and post-conviction appellate counsel waived the claim of Ground 1 and other issues without Petitioner's knowledge. [4]

**3**.     The trial court permitted the jury "to receive unauthorized out-of-court communications [from] the State's Witness who discussed the case in [the jury's] presence during Trial Recess."

**4.**     "Petitioner's Appellate Attorney illegally waived his due process rights, thereby preventing Trial errors listed in Ground Three [ ] from being properly adjudicated, when actually quitting the case prior to fulfilling prerequisite evidentiary obligations for an evidentiary hearing." [5]

**5**.     The post-conviction review court violated Petitioner's constitutional rights by not granting relief on the claims in Grounds 3 and 4.

**6.**     The trial court was not the proper venue to try one or more of the charged counts.

**7**.     Because the charging document did not describe three of the four charged offenses in sufficient detail Petitioner was denied his right "to be notified of a crime charged with such reasonable certainty that he could fairly protect himself after judgment against another prosecution on the same charge after an acquittal."

---

[4]     It is not clear in Ground 2 if Petitioner is alleging ineffective assistance of both direct appeal and post-conviction appellate counsel. Petitioner had the same retained private counsel for appeal and initial post-conviction proceedings. The court will assume that Petitioner intends to allege ineffective assistance of counsel in both of these capacities in Ground 2.

[5]     While Petitioner initially states in Ground 4 that he is alleging ineffective assistance of direct appeal counsel, he addresses conduct of counsel in post-conviction proceedings in his narrative related to Ground 4.

**8**.     Petitioner was denied his right "to be notified of a crime charged with such reasonable certainty that he could defend himself on an essential element" because the prosecutor "deceptively and illegally altered using an ink pen" Count IV of the Amended Information.

**9**.     The trial court erred in not granting Petitioner's challenge for cause to three jurors one of whom Petitioner alleges was related to the prosecutor and two of whom Petitioner alleges were former clients of the prosecutor.

**10**.     Petitioner was denied his right to due process because he received consecutive sentences based on misinformation provided by the prosecutor that consecutive sentences were required as a matter of law.

**11**.     In post-conviction and direct appeal proceedings counsel was ineffective for "ordering a defective transcript containing prejudicial omissions of claims, including claims in Grounds Nine and Ten" which were "needed and required for both" Petitioner's direct and post-conviction appeals.

**12**.     Counsel was ineffective on direct and post-conviction appeal by failing to allege errors from the portions of the case that counsel did not request be transcribed.

**13**.     The court reporter violated Petitioner's constitutional rights by leaving "the State without providing [a] forwarding address or phone number, and, after finally being found, [] admit[ting] that she ha[d] lost the transcript portions that were prejudicially omitted in the early draft of the Trial Records on Appeal."

**14**.     "Petitioner's incarceration is illegal because his Appellate Attorney illegally waived his rights ... thereby preventing Trial and Sentencing errors from being adjudicated , when he failed to consolidate into Petitioner's Direct Appeal, the claims of: his own conflict of interest."

**15**.     Direct appeal counsel was ineffective for failing to timely file a brief and for having to be directed to file a brief by the appellate court.[6]

---

[6]     The court finds below that Petitioner's § 2254 Petition is untimely and that he has procedurally defaulted all grounds for relief with the exception of Ground 17. The court need not, therefore, address the merits of Ground 15. The court notes, however, that in Ground 15 Petitioner alleges that he received ineffective assistance of counsel because counsel did not timely file a direct appeal brief. To establish ineffective assistance of counsel a habeas petitioner must establish both that counsel was ineffective and that he was prejudiced by this ineffectiveness. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Because Petitioner was permitted to file a late direct appeal brief, Petitioner cannot establish the prejudice requisite for a claim of ineffective assistance of counsel.  See Docket Sheet, Resp. Ex.  9 at 1.

**16**.    The Missouri appellate violated Petitioner's constitutional rights because on direct appeal, "after Recalling Its Mandate due to error in Ground Fifteen [], that Court disregarded the Abandonment and Conflict of Interest claims used as the basis for Recalling Its Mandate, and erred by ignoring Petitioner's Motion for Appointment of New Counsel, and erred by permitting an already prejudiced Attorney with a hidden agenda of revenge to proceed and file a bogus out-of-time Brief while omitting meritoriously preserved errors to the Petitioner's prejudice."

**17**.    Petitioner's incarceration is illegal because his Sixth Amendment right to be confronted with witnesses against him was violated when the court permitted Dr. Dureska, an examining physician, to testify regarding statements the victim made to him.

**18**.    The Missouri appellate court erred in rejecting the claim in Ground 17 based on an allegedly erroneous inference that a hearing had been held to determine if the testimony had sufficient indicia of reliability to be admissible.

## II.
## EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A

state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court has recently held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992 ) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address

all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94.

In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 n.9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of *new* evidence." Schlup, 513 U.S. at 327. (emphasis added). Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

It has been held that "novel circumstances and arguments" may constitute cause to excuse procedural default. McKinnon v. Lockhart, 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833(citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural

default] is analytically distinct from the <u>Strickland</u> prejudice." <u>Id.</u> at 1299 n.7.  The "'actual prejudice' required to overcome the procedural bar  must be a higher standard than the <u>Strickland</u> prejudice required to establish the underlying claim for ineffective assistance of counsel." <u>Id.</u> (citing <u>United States v. Frady</u>, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. <u>Smittie v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988).  "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." <u>Id.</u> (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254.  The limitation period of § 2244(d)(1) runs from the latest of:

(A) the date on which the judgment became final by the conclusion of *direct review* or the *expiration of the time for seeking such review*;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(emphasis added).

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. Id. "The term 'pending' includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (citing Peterson, 200 F.3d at 1203). For Missouri prisoners the statute commences to run when the appellate court issues the mandate in post-conviction relief proceedings. Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (holding that post-conviction proceedings in Missouri are not final until issuance of the mandate); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) ("Under Missouri state court procedures, [the petitioner's] post-conviction relief proceedings were not final until the issuance of the mandate.") ; Williams v. Bruton, 299 F.3d 981, 982-83 (8th Cir. 2002). The United States Supreme Court has recently clarified that the statute is not tolled after the date the mandate issues on the appeal of a post-conviction relief motion whether or not the defendant files for certiorari with the United States Supreme Court. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007) ("The application for state postconviction review is [] not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

For a Missouri defendant, a "judgment becomes final for purposes of appeal when the judgment and sentence are entered." State v. Holtze, 250 S.W.3d 745, 746 (Mo. Ct. App. 2008)

(citing State v. Welch, 865 S.W.2d 434, 435 (Mo. Ct. App. 1993). An appeal must be filed within ten days thereafter. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. banc 1979). The same time limit applies to those cases where an appeal is permitted from a guilty plea. State v. Werbin, 597 S.W.2d 663, 664 (Mo. App.1980)." State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993). The Eighth Circuit explained, in Williams, 299 F.3d at 983, as follows:

> We stated in [Peterson v. Gammon, 200 F.3d 1202 (8th Cir.2000)] that a post-conviction application remains "pending" for the entire period during which a notice of appeal "would be timely, assuming such a notice was in fact filed." See id. at 1205. ... Peterson did not say that the statute of limitations was tolled only if the petitioner filed a timely appeal; it said that it was tolled if he or she did so. Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is "pending" (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal. See Gibson v. Klinger, 232 F.3d 799, 803-04 & n. 1 (10th Cir.2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000).

When a Missouri prisoner files for transfer to the Missouri Supreme Court "there is no question he [is] entitled to the expiration of the time allotted for filing a petition for a writ of certiorari to the United States Supreme Court." Pierson v. Dormire, 484 F.3d 486,494 (8th Cir. 2007). The Eighth Circuit has recently held that for Missouri prisoners who do not file for transfer to the Missouri Supreme Court pursuant to Missouri Rules 83.01 and 83.04 "'the expiration of the time for seeking [direct] review' does not include the 90-day period for filing for certiorari" with the United States Supreme Court. Riddle v. Kemna, 523 F3d 850, 855 (8th Cir. 2008). Rather, the statute of limitations commences to run when a Missouri prisoner fails to file, fifteen days after the appellate court's decision, the first motion to transfer to the Missouri Supreme Court. "The AEDPA statute of limitations, however, does not begin then if the alternative trigger, 'conclusion of direct review,' occurs later." Under such circumstances the "conclusion of direct review for purposes of §2244(d)(1)(A)" occurs "when the Missouri Court of Appeals issues its mandate." Id. at 856.

### III.

# DISCUSSION OF TIMELINESS

Respondent contends that Petitioner's § 2254 Petition is untimely and that, therefore, it should be dismissed. Because Petitioner was convicted prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") which took effect on April 24, 1996, he had one year from that date to file his habeas petition. See 28 U.S.C. §2241(d)(1); Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). As such, Petitioner's § 2254 Petition filed on August 27, 2007, is untimely pursuant to the plain meaning of § 241(d)(1).

Additionally, Petitioner's § 2254 Petition is untimely even if the court were to apply the date most favorable to Petitioner, May 11, 2005, as the date the statute commenced to run. This is the date the mandate issued regarding the Missouri appellate court's January 4, 2005 rejection of Petitioner's allegation that abandonment of post-conviction relief counsel warranted the reopening of Rule 29.15 proceedings.[7]

Petitioner suggests that the statute of limitations should be equitably tolled because he was unable to obtain a copy of portions of the trial and/or post-conviction hearing transcripts which his attorney failed to request be transcribed and because he is actually innocent. The United States Supreme Court addressed the issue of equitable tolling in Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In Pace, the Court held that a state habeas petitioner was not entitled to equitable tolling because he did not diligently pursue his rights under state procedure. The court further set forth the

---

[7]    To the extent that Petitioner suggests that any of his motions to recall the mandate tolled the statute of limitations, only motions to recall the mandate which were filed prior to April 24, 1997, the deadline for filing a federal habeas petition, toll the one-year statute of limitations. See Curtis v. Kemna, 2001 WL 1480108 (8th Cir. Nov. 23, 2001) (unreported). Also, motions to recall the mandate filed after the one-year limitations period has expired cannot toll the statute. See Jackson v. Dormire, 180 F.3d 919 (8th Cir. 1999). As stated above, Petitioner's motion to recall the mandate filed in 1991 was granted. Petitioner subsequently filed two motions to recall the mandate, one in 2004 and one in 2005, both of which were denied without explanation.

requirements for equitable tolling as follows: (1) the petitioner diligently pursued his rights and (2) "some extraordinary circumstances stood in his way." Id.

In Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001), the Eighth Circuit addressed equitable tolling and held as follows:

> It is settled in this circuit (and most others) that the statute of limitations in § 2244(d) is subject to the doctrine of equitable tolling. See Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief: Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000) (citations omitted), cert. denied, --- U.S. ----, 122 S.Ct. 145, --- L.Ed.2d ---- (2001). ...

> There is no constitutional right to counsel in seeking state post-conviction relief, Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and no statutory right to counsel under Minnesota law, see Minn.Stat. §590.05 (2000). Thus, an unsuccessful search for counsel was not an extraordinary circumstance warranting equitable tolling. See Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.) ... Likewise, *lack of access to a trial transcript does not preclude a petitioner from commencing post-conviction proceedings and therefore does not warrant equitable tolling*. See Gassler, 255 F.3d at 495.

(emphasis added).

To the extent that Petitioner alleges he is actually innocent and that his actual innocence provides the basis for equitable tolling, the Eighth Circuit addressed such an argument in Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002), and declined to "engraft an additional judge-made exception onto the congressional language [of § 2244(d)(1)] that is clear on its face." While noting that "in some cases, equitable tolling has been applied to limitations periods despite the fact that statutes creating them do not expressly refer to the equitable-tolling doctrine," the court held that for a claim of actual innocence to be viable to invoke equitable tolling "a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the

13

relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." Id. at 978.

In Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001), upon rejecting a habeas petitioner's argument that delay in receiving a transcript justified equitable tolling of the statute of limitations, the Eighth Circuit held:

> [W]e understand petitioner's desire to have a transcript before filing for post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings. A petition seeking collateral relief could have been filed, following which, if necessary for decision of the issues raised, the court could have ordered production of the transcript. ... And we are not told which particular claims petitioner was prevented from raising by the lack of a complete transcript.

Also, in Lloyd v. Van Natta, 296 F.3d 630, 633 (8th Cir. 2002), the court found that if the habeas petitioner had desired a complete trial transcript to aid the court in deciding his post-conviction relief petition, he could have sought the court's help in obtaining the missing portions through discovery after he filed his petition. The court continued to state that equitable tolling was not justified because the petitioner was present at his own trial and that, therefore, he knew the basis for the claim which he alleged he was unable to raise. See id. (citing McCleskey v. Zant, 499 U.S. 467, 500 (1991) (holding that the unavailability of a document, the contents of which petitioner had at least constructive knowledge, did not prevent him from raising claim in his habeas petition); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (holding that a petitioner who attended evidentiary hearing did not need transcript to file habeas petition).

In the matter under consideration, Petitioner could have filed a timely appeal of the denial of post-conviction relief and in such appeal invoked the assistance of the appellate court in obtaining any transcript portions which he asserts he was unable to obtain. See Lloyd, 296 F.3d at 633; Gassler, 255 F.3d at 495. Further, because Petitioner was present at his own trial as well as at his post-conviction

relief hearing, he was or should have been aware of the factual basis upon which he claims he was entitled to habeas relief. See Lloyd, 296 F.3d at 633. Most significantly, Petitioner does not assert that Respondent prevented him from discovering relevant facts in a timely fashion; rather, he alleges it was conduct of the court reporter. See Flanders, 299 F.3d at 977. As such, the court finds that Petitioner has not asserted grounds upon which equitable tolling can be invoked. See Flanders, 299 F.3d 977; Lloyd, 296 F.3d at 633; Gassler, 255 F.3d at 495; Jihad, 267 F.3d at 804.[8] Petitioner also suggests that the statute of limitations should be tolled because he thought he would be released on parole by 1996 and that after being released he planned to obtain employment, to hire an investigator for the purpose of locating lost records, and to hire an attorney to reopen his appeals. Petitioner further states that he was not released because he "would be required to make a confession of a crime that never happened." Doc. 16 at 13. Such reasoning, however, does not provide grounds for equitable tolling. See Jihad, 267 F.3d at 804. Moreover, Petitioner admits that even though he was not released on parole "that did not stop [him] from still continuing his [] search for someone who could locate those records and raise those claims." Doc. 16 at 13. The court finds, therefore, that Petitioner has not established grounds to equitably toll the statute of limitations. As such, the court further finds that Petitioner's untimely § 2254 Petition should be dismissed in its entirety.

## IV.
## DISCUSSION OF PROCEDURAL DEFAULT

---

[8]     Petitioner states in his Traverse that he is not claiming that the statute of limitations should be equitably tolled because he received ineffective assistance of counsel. Nonetheless, this court has previously held in regard to Petitioner's untimely § 2254 Petition that because there is no right to effective assistance of counsel in state court post-conviction relief proceedings, ineffective assistance of post-conviction counsel, does not toll the applicable statute of limitations. Doc. 15 at 4-5 (citing Pennsylvania v. Finely, 481 U.S. 551, 557 (1987); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005); Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002);Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998); Oxford v. Delo, 59 F.3d 741, 748 (8th Cir. 1995); Lowe-Bey v. Groose, 28 F.3d 816, 820 (8th Cir. 1994)).

Respondent argues, alternatively, that Petitioner has procedurally defaulted Grounds 1-10 and 17-18. Although the court has found above that Petitioner's §2254 Petition should be dismissed as untimely, the court will consider arguments in regard to procedural default in the alternative.

In his direct appeal Petitioner raised only two issues, one of which was that the State trial court erred in failing to sustain Petitioner's hearsay objection to the testimony of Dr. Dureska, an examining physician, regarding statements made to the physician by the victim. In Ground 17 of his § 2254 Petition Petitioner contends that his constitutional rights were violated as a result of Dr. Dureska's allegedly objectionable testimony. Respondent contends that Petitioner has procedurally defaulted the issue of Ground 17 because he did not address it on constitutional grounds in his direct appeal; rather, he challenged Dr. Dureska's testimony based on State law grounds. Respondent correctly asserts that where a habeas petitioner does not present the same legal basis for his claim before the State court which he presents in his §2254 petition the petitioner procedurally defaults the issue. See Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994). However, as the hearsay rule is based on protecting a defendant's constitutional rights, the court will assume, arguendo, that Petitioner did present the constitutional issue of Ground 17 to the Missouri appellate court, and that, therefore, he did not procedurally default this ground for habeas relief.[9]

Petitioner did not file an appeal of the decision of the State post-conviction relief court and the Missouri appellate court declined to reopen Petitioner's post-conviction relief proceedings. As such, Petitioner did not raise before the Missouri appellate court any issue which he raises in his §2254 Petitioner with the exception of Ground 17. The court finds, therefore, that Petitioner

---

[9] As set forth above, in his second point on appeal Petitioner argued that the trial court erred in overruling his objection to the prosecutor's questioning the victim's mother regarding statements made by Petitioner while engaged in oral sex with the mother. See Resp. Ex. 4. Petitioner does not raise this issue in his § 2254 Petition.

procedurally defaulted all grounds for habeas relief with the exception of Ground 17. See Sweet, 125 F.3d at 1149; Abdullah, 75 F.3d at 411.

Petitioner contends that procedurally defaulted issues should be excused because of "a deliberate act of Fraud Upon the Postconviction Court" committed by his post-conviction relief attorney. Doc. 16 at 14. To the extent that Petitioner contends that ineffective assistance of post-conviction counsel should excuse his procedural default, as stated above, a habeas petitioner has no right to effective assistance of counsel in state court post-conviction relief proceedings. See n.8 (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987);Oxford v. Delo, 59 F.3d 741, 748 (8th Cir. 1995); Lowe-Bey v. Groose, 28 F.3d 816, 820 (8th Cir. 1984)). Because state post-conviction proceedings are civil in nature, the Sixth Amendment right to effective assistance of counsel does not apply to state post-conviction proceedings. See Williams v. State of Missouri, 640 F.2d 140, 144 (8th Cir 1981) (citing Hull v. Swenson, 431 F2d 1194 (8th Cir, 1970)). "There is no right to effective assistance of counsel [in state postconviction relief proceedings] even when the same individual acts as [post-conviction relief] counsel and direct-appeal counsel." Oxford, 59 F.3d at 820. The Eighth Circuit has clearly stated that neither ineffective assistance of post-conviction counsel or ineffective assistance of post-conviction appellate counsel constitutes cause for procedural default. Lowe-Bey, 28 F.3d 816; Nolan v. Armontrout, 973 F.2d 615 (8th Cir. 1992). As such, the court finds that Petitioner's allegation of ineffective assistance of post-conviction and/or post-conviction appellate counsel do not excuse his procedural default. See Oxford, 59 F.3d at 820; Lowe-Bey, 28 F.3d 816; Nolan, 973 F.2d 615.

To the extent Petitioner alleges ineffective assistance of trial and/or direct appeal counsel should excuse his procedural default, the Eighth Circuit has held that "[i]neffective assistance of trial or appellate counsel may be cause excusing a procedural default." Williams v. Kemna, 311 F.3d 895,

897 (8th Cir. 2002) (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 491-92, (1986)). "However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." <u>Id.</u> (citing <u>Edwards v. Carpenter</u>, 529 U.S. 446, 450-53 (2000); <u>Tokar v. Bowersox</u>, 198 F.3d 1039, 1051 n. 13 (8th Cir.1999)). Petitioner did not file an appeal of the motion court's decision and, therefore, did not allege before the Missouri appellate court that he received ineffective assistance of trial and/or direct appeal counsel. As such, the court finds that Petitioner's allegation of ineffective assistance of trial and/or direct appeal counsel does not excuse his procedural default. <u>See id.</u>

To the extent that Petitioner suggests that his actual innocence should excuse his procedural default, Petitioner makes nothing more than "'bare, conclusory assertions" that he is actually innocent. Such assertions are not sufficient to overcome procedural default. <u>Sweet,</u> 125 F.3d at 1152 n.9. Additionally, Petitioner has not presented or suggested any *new* evidence to support his claim of actual innocence. <u>See Schlup</u>, 513 U.S. at 327. Moreover, after hearing the testimony of the victim, her mother, and the doctor who examined the victim, a jury found Petitioner guilty as charged. As such, Petitioner has failed to show that no reasonable juror could have found him guilty. <u>See McCoy</u>, 969 F.2d at 651. The court finds, therefore, that Petitioner has not alleged actual innocence sufficient to excuse procedural default. <u>See Schlup</u>, 513 U.S. at 327; <u>Sweet,</u> 125 F.3d at 1152; <u>McCoy</u>, 969 F.2d at 651.

To the extent that Petitioner extends that his procedural default should be excused because he raised the issues of his § 2254 Petition in his motion to reopen his post-conviction proceedings, where a Missouri prisoner fails to raise issues in his direct appeal or in post-conviction relief proceedings, he cannot base federal review pursuant to § 2254 on his filing state motions which were filed improperly pursuant to Missouri law. <u>Preston v. Delo</u>, 100 F.3d 596, 600 (8th Cir. 1996).

Petitioner did not file an appeal of the denial of his post-conviction relief motion. Ultimately, upon considering his motion to reopen his post-conviction relief proceedings the State court denied Petitioner's motion. This decision was affirmed by the Missouri appellate court which held that the Petitioner's allegations were not properly raised according to State law.[10] The court finds, therefore, that Petitioner has not stated grounds upon which his procedural default should be excused. In conclusion, the court finds, alternatively, that Petitioner has procedurally defaulted all grounds for

---

[10]     Upon affirming the motion court's refusal to reopen Petitioner's Rule 29.15 proceedings, the Missouri appellate court held:

Points I, III, and V all relate to Movant's claims that his retained post-conviction counsel abandoned him in connection with the litigation of his Rule 29.15 claim of ineffective assistance of trial counsel. The Western District has held that "a claim of abandonment of counsel only arises when the original motion was filed pro se and post-conviction counsel is appointed to review it as required by Rules 29.15(e) and 24.035(e)." State v. Gilpin, 954 S.W.2d 570, 579 (Mo.App. W.D.1997). We agree. Accordingly, we conclude that because Movant did not file his original Rule 29.15 motion pro se and is not challenging the activities of an appointed post-conviction counsel, Movant does not have a claim of abandonment under Luleff v. State, 807 S.W.2d 495 (Mo. banc 1991), or Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991).

In Points II and IV, Movant claims that the motion court erred in denying his claims for relief under Rule 74.06 because his post-conviction counsel engaged in extrinsic fraud by: (1) substituting an incomplete version of his Rule 29.15 motion for the one he signed and notarized and (2) failing to subpoena three witnesses to testify at the Rule 29.15 evidentiary hearing.

We disagree with Movant that the motion court improperly denied his extrinsic fraud claims. Rule 74.06 "does not provide a cause of action for ineffective assistance of counsel or any other method of attacking a criminal judgment." Vicory v. State, 117 S.W.3d 158, 160 (Mo. App. S.D. 2003). Movant's allegations that his attorney filed an incomplete Rule 29.15 motion and failed to subpoena certain witnesses for the evidentiary hearing constitute allegations of ineffective assistance of counsel.

Daugherty, 159 S.W.3d at 408.

relief stated in his § 2254 Petition with the exception of Ground 17 and that Grounds 1-16 and 18 should be dismissed as procedurally defaulted.

## V.
## GROUNDS NOT COGNIZABLE

Respondent contends that Grounds 2, 5, 11-14, and 16-18 are not cognizable pursuant to federal habeas review. The court has found above that Petitioner's § 2254 Petition is untimely and that all grounds have been procedurally defaulted with the exception of Ground 17. The court will, alternatively, consider whether grounds raised by Petitioner are cognizable pursuant to § 2254.

In Grounds 2, 4, 11, 12 and 14 Petitioner includes allegations of ineffective assistance of post-conviction counsel and/or post-conviction appellate counsel.[11] To the extent Grounds 2, 4, 11, 12 and 14 allege ineffective assistance of post-conviction counsel and/or post-conviction appellate counsel these claims are not cognizable pursuant to federal habeas review as there is no constitutional right to post-conviction relief counsel. See Finely, 481 U.S. at 557; Oxford, 59 F.3d at 748; Lowe-Bey, 28 F.3d at 820.

In Ground 5 Petitioner contends that the post-conviction motion court violated his constitutional rights by *not granting him relief* on Grounds 3 and 4. In Ground 13, Petitioner alleges that *the transcript of his trial* did not include portions he needed for appeal. In Ground 16 Petitioner contends that his constitutional rights were violated by the Missouri appellate court because it *failed to grant his motion* to recall the mandate based on allegations against his post-conviction counsel and because it *failed to appoint him new counsel.* In Ground 18, Petitioner alleges that the trial court *did not conduct a statutorily mandated hearing* and that the appellate court erroneously concluded that a hearing had been held. In Grounds 5, 13, 16, and 18 Petitioner is not challenging his conviction

---

[11]     In Grounds 2, 4, 11, 12, and 14 Petitioner also alleges ineffective assistance of direct appeal counsel.

and/or sentence. Rather, he alleges an infirmity in proceedings collateral to his confinement. As such, Grounds 5, 13, 16, and 18 are not proper claims for habeas review. See Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997) ("'[A]n infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.'") (citing Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994) (quoting Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990)).

In Ground 17 Petitioner challenges an evidentiary ruling. In regard to the issue of Ground 17, the State appellate court considered whether the trial court erred in permitting an examining physician to testify regarding what the victim said to him. The transcript of Petitioner's trial reflects that the physician who examined the victim testified regarding his credentials, including that he had training in interviewing victims of alleged sexual abuse; that in the course of his practice he had interviewed more than 100 such victims; that he examined and questioned the victim in May 1989; and that no one prompted the victim regarding her responses to his questions. Resp. Ex. 1 at 23-28. At this point in the physician's testimony the defense attorney objected. The record further reflects that upon defense counsel's objecting, proceedings continued at the bench. Defense counsel stated that he was objecting on the ground of hearsay to the physician's testifying what the victim said to him about the alleged abuse and that, therefore, the physician's testimony regarding the victim's responses to his questions was not admissible. Resp. Ex. 1 at 28-29. The prosecutor submitted authority to the court in support of the position that the physician's testimony was admissible. After the court's overruling the objection of defense counsel proceedings continued before the jury.

The United States Supreme Court held in Estelle v. McGuire that "'federal habeas corpus relief does not lie for errors of state law'" and that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions." 502 U.S. 62, 67-68 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) and citing Pulley v. Harris, 465 U.S. 37, 41 (1984)). The

Court further held that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975) (per curiam )). Because the admission or exclusion of evidence is primarily a question of state law, an evidentiary determination rarely gives rise to a federal question reviewable in a habeas petition. Scott v. Jones, 915 F.2d 1188, 1190-91 (8th Cir. 1990). Federal courts "may not review evidentiary rulings of state courts unless they implicate federal constitutional rights." Evans v. Luebbers, 371 F.3d 438, 443 (8th Cir. 2004) (citing Estelle, 502 U.S. at 68); Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995); Rainer v. Department of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990). See also Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) ("The admission of evidence at a state trial provides a basis for federal habeas relief when the 'evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'") (quoting Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.1988)); Sweet v. Delo, 125 F.3d 1144, 1157-58 (8th Cir. 1997) (holding that the exclusion of evidence violates due process if "the asserted error was 'so conspicuously prejudicial or of such magnitude that it fatally infected the trial and deprived [the petitioner] of fundamental fairness'") (quoting Logan v. Lockhart, 994 F.2d 1324, 1330 (8th Cir. 1993)); Mercer v. Armontrout, 844 F.2d 582, 587 (8th Cir. 1988) (holding that to justify the grant of habeas corpus, the error must be "so 'gross'... 'conspicuously prejudicial'... or otherwise of such magnitude that it fatally infected the trial and failed to afford [petitioner] the fundamental fairness which is the essence of due process"); Manning-El v. Wyrick, 738 F.2d 321, 322 (8th Cir.1984) (holding that questions concerning admissibility of evidence are matters of state law and are not reviewable in a federal corpus proceeding unless the asserted error infringed a specific constitutional protection or was so prejudicial as to deny due process); Logan v. Lockhart, 994 F.2d 1324, 1330 (8th Cir. 1993) ("Questions

regarding admissibility of evidence are matters of state law, and they are reviewed in federal habeas inquiries only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process.").

Under federal law, "the admission of evidence is a matter of discretion for the trial court, and the trial court's determination that evidence is relevant and that its probative value outweighs the danger of unfair prejudice will not be reversed on appeal unless the trial court has abused that discretion." United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997) (citing United States v. Delpit, 94 F.3d 1134, 1146 (8th Cir.1996); United States v. Just, 74 F.3d 902, 904 (8th Cir.1996)). Even where admission of evidence is erroneous, such admission does not necessarily fatally infect a trial. See e.g., Kuntzelman v. Black, 774 F.2d 291, 292 (8th Cir. 1985) (per curiam) (finding no error of constitutional magnitude in the admission of "particularly gruesome"photographs where the photographs "were at least arguably relevant and probative in showing the identity and condition of the deceased, the location of the wound, and the intent of [the petitioner] in firing the shot that killed [the victim]").

Additionally, the Eighth Circuit has held that "[r]ulings on the admission or exclusion of evidence in state trials rarely rise to the level of a federal constitutional violation. '[O]nly the exclusion of critical, reliable and highly probative evidence will violate due process.'" Nebinger v. Ault, 208 F.3d 695, 697 (8th Cir. 2000) (quoting Sweet v. Delo, 125 F.3d 1144, 1158 (8th Cir.1997). "The admission of evidence at a state trial provides a basis for federal habeas relief when the 'evidentiary ruling infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process.'" Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (quoting Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.1988)). As Petitioner, in Ground 17, challenges an evidentiary ruling and as the alleged violation does not rise to the level constitutional magnitude,

Petitioner does not raise an issue cognizable under federal law in Ground 17. See Estelle, 502 U.S. at 68; Evans v. Luebbers, 371 F.3d at 443; Nebinger, 208 F.3d at 697; Macklin, 104 F.3d at 1048; United States v. Just, 74 F.3d at 904.

In Ground 18 Petitioner alleges both that the State appellate court violated his constitutional rights by erroneously holding that a hearing was held to determine whether the statement of the physician who examined the victim had sufficient indicia of reliability to be admitted. The court has found above that Ground 18 is not cognizable pursuant to § 2254. Additionally, as described above the transcript of Petitioner's trial reflects that upon the objection of defense counsel to the physician's testimony proceedings continued before the bench. Only after the trial court denied the objection did proceedings continue before the jury. As such, the court finds that the issue raised in Petitioner's Ground 18 is based on an incorrect factual premise.

In conclusion, the court finds, in the alternative, that Grounds 2, 4, 11, 12, and 14 to the extent they allege ineffective assistance of post-conviction counsel and post-conviction appellate counsel, and Grounds 5, 13, and 16-18 are not cognizable pursuant to § 2254.

## VI.
## DISCUSSION OF GROUND 17

**Ground 17 - Petitioner's incarceration is illegal because his Sixth Amendment right to be confronted with witnesses against him was violated when the court permitted Dr. Dureska, an examining physician, to testify regarding statements the victim made to him:**

The court has found above that Petitioner's § 2254 Petition is untimely. Additionally, the court has found that numerous grounds, including Ground 17, are not cognizable pursuant to federal law. The court will, however, alternatively, consider Ground 17 on its merits.

The AEDPA applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to § 2254 a federal court is limited to deciding whether decisions of state

courts were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). "'Federal law, as determined by the Supreme Court,' refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" Evenstad v. Carlson, 470 F.3d 777, 782-83 (8th Cir. 2006) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)). To obtain habeas relief, a habeas petitioner must be able to point to the Supreme Court precedent he thinks the state courts acted contrary to or applied unreasonably. Id. at 283 (citing Buchheit v. Norris, 459 F.3d 849, 853 (8th Cir. 2006); Owsley v. Bowersox, 234 F.3d 1055, 1057 (8th Cir. 2000)). Additionally, § 2254(d)(2) provides that an application for writ of habeas corpus should not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." Further, pursuant to § 2254(e)(1), "[a] state court's determination on the merits of a factual issue is entitled to a presumption of correctness." Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001).

The Eighth Circuit has addressed the issue of how to determine whether a state court has addressed a claim on its merits so that the AEDPA standard of review applies. Brown v. Luebbers, 371 F.3d 458 (8th Cir. 2004). The court held in Brown that:

> [W]hat constitutes an adjudication on the merits? From the plain language of the statute and black-letter law, we know that the state court's decision must be a judgment--an adjudication--on a substantive issue--the merits (as compared with a procedural or technical point). A survey of opinions from our sister circuits demonstrates that, beyond these two considerations, resolving the question is not so easy. One thing is clear--no court has established bright-line rules about how much a state court must say or the language it must use to compel a § 2254 court's conclusion that the state court has adjudicated a claim on the merits. That is as it should be, given one court's difficulty in divining the thought processes of another based only on language being used in certain ways, not to mention the comity issues that would be raised. Cf. Coleman v. Thompson, 501 U.S. 722, 739, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (noting in discussion of procedural default in state habeas cases that the Court has "no power to tell state courts how they must write their opinions" so that reviewing "federal courts might not be bothered with reviewing state

law and the record in the case"). We must simply look at what a state court has said, case by case, and determine whether the federal constitutional claim was considered and rejected by that court.

Id. at 461.

Even where the bulk of a state court decision is "devoted to the state-law evidentiary question and whether 'the trial court abused its discretion' in excluding [evidence]," the Eighth Circuit has held that the "'summary nature' of the discussion of the federal constitutional question does not preclude application of the AEDPA standard." Id. at 462 (citing James v. Bowersox, 187 F.3d 866, 869 (8th Cir.1999)). The court further held in Brown that:

> [It] is not to say that citation to law and a key word from the application of that law--or anything else--is required for us to determine that the claim was adjudicated on the merits. We only hold that they suffice in this case for us to conclude that the Missouri Supreme Court's decision on this claim was an adjudication on the merits.

Id.

Where a federal constitutional question, however, is not adjudicated on its merits in state court proceedings, it is not appropriate for a federal court to apply the standard of § 2254 as amended by the AEDPA because there is no apparent state-court adjudication to which this standard can be applied. Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002) ("[B]ecause this claim apparently was not adjudicated by the [state] court, we likely should apply the pre-AEDPA standard of review."). Under the pre-AEDPA standard a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

Under the pre-AEDPA standard a habeas petitioner must demonstrate a "'reasonable probability that the error complained of affected the outcome of the trial,' or that the verdict likely

would have been different absent the now-challenged [error]." Id. at 865-66 (quoting Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir.1987) (en banc)).

In Ground 17 Petitioner alleges that the trial court violated his constitutional right "to be confronted with witnesses against him" when it permitted "the out-of-court hearsay testimony" of an examining physician, Dr. Dureska, "who repeated the extrajudicial identification of Petitioner" by the victim. The transcript of Petitioner's trial reflects that the trial court considered the qualifications of the physician and the arguments of counsel and concluded that the physician's testimony should be admitted. Resp. Ex. A at 28-29. The court has set forth above the provisions of federal law applicable to review of the admission of evidence by a trial court. See Macklin, 104 F.3d at 1048; Kuntzelman, 774 F.2d at 292.

Further, upon considering the issue of Ground 17 the Missouri appellate court considered that under Missouri law, Mo. Rev. Stat. § 491.075, an exception to the hearsay rule applies where "there is a substantial basis to believe that the statements of [a] child are true." Daugherty, 823 S.W.2d at 36 (citation omitted). The appellate court concluded, however, that this statutory exception to the hearsay rule was not applicable in Petitioner's case because the child did testify. The court noted that the trial court's reliance on this exception "implicitly indicates the court found sufficient reliability to permit admission of th evidence." Id. The Missouri appellate court further considered that it is "well-established [] that if a trial court properly admits evidence for a wrong reason, the decision will be sustained." Id. Likewise, under federal law a correct judgment will be affirmed regardless of the reason given by the trial court for its entry; "[t]he burden is on the plaintiff as appellant to show that the judgment as entered was based on prejudicial error." McGovern v. Norther Pac. Ry. Co., 132 F.2d 213 (8th Cir. 1942). As such, the court finds, pursuant to Williams, 529 U.S. 362, that the decision of the Missouri appellate court in regard to the issue of Petitioner's Ground 17 is not

contrary to federal law and that it is reasonable application of federal law. See Evans, 371 F.3d at 443; Macklin, 104 F.3d at 1048; Kuntzelman, 774 F.2d at 292. To the extent a pre-AEDPA standard is applicable to the issue of Petitioner's Ground 17 the court finds that Petitioner has not demonstrated that the error complained of affected the outcome of his trial or that the verdict likely would have been different absent the alleged error as both the victim and her mother testified regarding Petitioner's conduct and the doctor testified regarding his clinical findings. See Robinson, 278 F.3d at 865-66. The court finds, therefore, in the alternative, that Petitioner's Ground 17 is without merit and that relief on its basis should be denied.

## VI.
## CONCLUSION

For the reasons more fully sets forth above the court finds that Petitioner's § 2254 Petition is untimely; that, alternatively, Petitioner has procedurally defaulted Grounds 1-16 and 18; that, alternatively, Grounds 2, 4, 11, 12, and 14 to the extent they allege ineffective assistance of post-conviction counsel and post-conviction appellate counsel, and Grounds 5, 13,16-18 are not cognizable pursuant to § 2254; that, alternatively, Ground 17 is without merit; and that, therefore, Petitioner's § 2254 Petition should be denied in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; Doc. 1

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L.  MEDLER
Dated this 22nd day of  October, 2008.          UNITED STATES MAGISTRATE JUDGE