UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICKY J. DAUGHERTY, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Case No. 4:07CV1530 HEA |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Mary Ann L. Medler that the Petition Under 28 U.S.C. § 2254 of Ricky J. Daugherty be denied. Petitioner has filed written objections to the Report and Recommendation.[1]

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id.* The Court has reviewed the entire record in this petition,

---

[1] A significant portion of Petitioner's Objection is devoted to Petitioner's objection to the timing of the filing of Respondent's Response and Petitioner's previous argument with respect to certain exhibits. These issues were resolved by Judge Medler and will not be readdressed herein.

including both this Court's record and the record from the State Court. For the reasons set forth below, the Petition is denied.

As a preliminary matter, it appears that Petitioner had been released from incarceration, having completed his sentence.[2] This fact, however, does not preclude Petitioner from pursuing his Habeas Corpus Petition. Provided Petitioner was incarcerated at the time the petition was filed, which is all the "in custody" provision of 28 U.S.C. § 2254 requires, his Petition is not moot. See *Spencer v. Kemna,* 523 U.S. 1, 7(1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989) (per curiam).

## Facts and Background

Petitioner was convicted by a jury of four counts of the Class B felony of sodomy in that he had deviate sexual intercourse with his nine year old daughter. He was sentenced to four consecutive terms of five years' imprisonment. Petitioner filed a direct appeal. On December 14, 1989, the Missouri Appellate Court suspended proceedings pending judgment in Petitioner's post-conviction relief proceedings, as was the procedure in effect at that time, which called for filing a consolidated appeal. The Motion Court denied Petitioner's Rule 29.15 post-

---

[2] Petitioner has filed a change of address notification on April 10, 2009 which states that as of April 14, 2009, his address is one which appears to be a residential address.

conviction relief motion on March 13, 1990. Petitioner did not appeal the decision of the Motion Court. Petitioner's direct appeal was denied on October 29, 1991. *State v. Daugherty*, 823 S.W.2d 33 (Mo. App. 1991). The mandate was issued on November 18, 1991.

In 2002, Petitioner filed a *pro se* motion in the Motion Court alleging abandonment of post-conviction counsel and requesting that his Rule 29.15 proceedings be reopened. This motion was denied based on lack of jurisdiction. The Missouri Appellate Court reversed and remanded the motion to the Motion Court on July 29, 2003, holding that the Motion Court had jurisdiction; the Appellate Court expressed no opinion on the merits. *Daugherty v. State*, 116 S.W.3d 616 (Mo.App. 2003). On remand, the Motion Court appointed counsel for Petitioner; Petitioner requested a change of counsel, which was denied, and he proceeded *pro se*. The Motion Court denied Petitioner's request to reopen his Rule 29.15 proceedings, finding that Petitioner was not abandoned by post-conviction counsel. On January 4, 2005, the Appellate Court affirmed this denial. *Daugherty v. State*, 159 S.W.3d 405 (Mo.App. 2005). The Appellate Court issued its mandate with respect to the January 4, 2005 Opinion on May 11, 2005. Petitioner filed motions to transfer, the second of which was denied on April 26, 2005.

Concurrently, the docket sheet from Petitioner's direct appeal reflects that

Petitioner filed a motion to recall the mandate on May 16, 1991, which was granted on June 18, 1991. The docket sheet also reflects that Petitioner filed a motion to recall the mandate on March 9, 2004, which was denied on March 22, 2004 and a motion to recall the mandate on July 11, 2005, which was denied on June 28, 2006. Petitioner also filed a petition for writ of mandamus on October 22, 1999, which was denied on November 5, 1999.

This Section 2254 Petition was filed on August 27, 2007.

## Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for habeas corpus petitions, 28 U.S.C. § 2244(d), which begins to run when the state court judgment became final by the conclusion of direct review, or when the time for seeking such review expires, whichever is later. *Id*. § 2244(d)(1)(A). To avoid harsh results, the Eighth Circuit Court of Appeals has held that state prisoners, such as Petitioner, whose convictions became final before AEDPA's enactment are entitled to a one-year "grace period" following the Act's enactment. *Baker v. Norris,* 321 F.3d 769, 771 (8th Cir. 2003); *Nichols v. Bowersox*, 172 F.3d 1068, 1072-73 (8th Cir.1999) (en banc). This one-year grace period expired on April 24, 1997. *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir.1999).

> The AEDPA also provides for a tolling of the limitations period during the time within which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. AEDPA's tolling provision was meant to "encourage petitioners to seek relief from state courts in the first instance," *Rhines v. Weber*, 544 U.S. 269, 276, (2005), thereby giving "an opportunity to the state courts to correct a constitutional violation." *Id*. at 274, 125 S.Ct. 1528 (internal quotations omitted). If Missouri courts have decided to entertain motions to reopen post-conviction proceedings despite the effect on the finality of their own judgments, see *Taylor v. State*, 254 S.W.3d 856, 858 (Mo.2008); *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217-18 (Mo.2001), then federal courts arguably should respect that decision by tolling the statute of limitations while such motions are pending. After all, "it is the State's interests that the tolling provision seeks to protect." *Carey v. Saffold*, 536 U.S. 214, 223, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

*Streu v. Dormire* 557 F.3d 960, 963-964 ( 8th Cir. 2009).

Even under the most liberal application of the tolling provision, *i.e.*, commencing the one year period from May 11, 2005 and excluding all the time between when Petitioner filed his motions to recall the mandate and the rulings thereon, Petitioner's August 27, 2009 filing was untimely. See *Streu*, 557 F.3d 960 (Extensive discussion of properly filed post-conviction relief and excludable time). Thus, the issue becomes whether Petitioner is entitled to equitable tolling.

In this Eighth Circuit,

> "equitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition" or where the "conduct of the defendant has lulled the plaintiff into inaction." *Gassler v. Bruton*,

> 255 F.3d 492, 495 (8th Cir.2001) (internal quotation marks omitted). The use of equitable procedures "to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir.2002) (quoting *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir.2001)). We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights. *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir.2007).

*Earl v. Fabian,* 556 F.3d 717, 722 (8th Cir. 2009). The issue of whether Petitioner has been diligently pursuing his rights is a factual issue. *Streu,* 557 F.3d at 968; *Shelton v. Purkett,* 2009 WL 1119283, 2 (8th Cir. 2009).

Petitioner argues that his attorney's conduct prevented him from filing actions in the state court and that he did take certain steps within the state system to resolve his claims. Indeed, Petitioner did sporadically pursue various avenues within the state court, as evidenced by his continued efforts to recall the mandate in both March, 2004 and July, 2005. What Petitioner fails to acknowledge, however, is that from the denial of his motion to recall the mandate in June, 2006, Petitioner did nothing further until his filing of the instant Petition on August 27, 2007. Petitioner offers no explanation for his failure to initiate this habeas petition prior to August 27, 2007. While Petitioner attempts to claim ignorance of the time limitation because of having been told by a law clerk earlier that there was no time limit on the filing of a habeas petition, by 2006 the AEDPA and its statute of limitation was

firmly established and lack of access to legal resources does not typically merit equitable tolling. "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000); *Earl*, 556 F.3d at 724. Petitioner's asserted lack of knowledge as to the limitation period does not constitute an extraordinary circumstance. "See *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir.2006) (attempt to obtain post conviction counsel); *Maghee*, 410 F.3d at 476 (failure to understand the plain language of a dismissal notice); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir.2004) (prisoner's misunderstanding of proper procedure to file state petition); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir.2003) (petitioner's lack of understanding of the law, and of the effect of his voluntary dismissal); *Baker*, 321 F.3d at 771-72 (limited access to law library and advance sign-up; ignorance of AEDPA's enactment); *Jihad*, 267 F.3d at 806-07 (unsuccessful search for counsel, and lack of access to trial transcript); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir.2001) (delays in obtaining trial transcript)." *Riddle v. Kemna* 523 F.3d 850, 858 (8th Cir. 2008).

Under the circumstances of this case, Petitioner has not established that he diligently pursued his claim. *See Pace v. DiGuglielmo,* 544 U.S. 408, 419 (2005) (petitioner who waited five months after judgment of conviction became final to file habeas petition did not establish requisite diligence). *Earl* 556 F.3d at 724.

Moreover, there is absolutely nothing in the record to suggest that Petitioner was precluded from filing his habeas petition within the limitations period by reason of any action taken by Respondent or the State Court. A petitioner may receive the

benefit of equitable tolling if he can establish that a court or the respondent's conduct "lulled the movant into inaction through reliance on that conduct." See *United States v. Hernandez*, 436 F.3d 851, 858-59 (8th Cir.2006); *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 855 (8th Cir.2003); *Gassler*, 255 F.3d at 495; *Kreutzer*, 231 F.3d at 463; *Riddle,* 523 F.3d at 858.

Petitioner was fully aware of his state court proceedings and the posture within which they stood. After his appeal and his post-conviction motions were denied, his motions to recall the mandate were both denied. Neither the State Court nor Respondent took any action which would lull Petitioner into inaction and nothing precluded him at that point from filing this Petition.

Petitioner objects to Judge Medler's conclusion that the is not entitled to equitable tolling because he is "actually innocent." Petitioner's objection is without merit. The evidence upon which Petitioner relies was available to him throughout the course of his trial and other State Court proceedings. Nowhere does Petitioner claim that he was unaware of this evidence of his alleged innocence. In *Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir.2002), cert. denied, 537 U.S. 1236 (2003), the Court allowed for the possibility that actual innocence can be used as a basis for equitably tolling the statute of limitations in § 2244(d):

> We do not hold that actual innocence can never be relevant to a claim

> that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Id*. at 978.

Thus, unless a petitioner submits evidence showing that the state prevented him from discovering the facts "soon enough to enable him to bring a timely habeas petition," a claim of actual innocence will not toll the statute of limitations. *Id*. at 977. Here, Petitioner has failed to show that Respondent prevented him from taking any steps regarding his actual innocence claim and discovering the relevant facts in a timely fashion or that a reasonably diligent petitioner could not have discovered the facts within the one-year period for filing this habeas action. Accordingly, the Court concludes that equitable tolling is not appropriate in this case and Petitioner's Section 2254 Petition is time barred.

While not necessary to the resolution of this Petition, Judge Medler conducted a thorough analysis of Petitioner's claims. Judge Medler concluded that Petitioner's claims, with the exception of one, were procedurally defaulted by reason of Petitioner's failure to raise these claims as each stage of the State Court proceedings. While Petitioner continues to argue that he has demonstrated cause

and prejudice for the default because of the missing transcripts of his trial, as Judge Medler correctly observes, Petitioner was present during the trial and was aware of the grounds upon which his claims are made. The missing transcripts did not prohibit Petitioner from raising his claims in the State Court. Moreover, in order to overcome the procedural default burden, Petitioner must establish actual prejudice for the procedural default. *Dretke v. Haley*, 541 U.S. 386, 388-89 (2004). The testimony of the victim, the victim's mother (Petitioner's spouse), and Dr. Dureska, who examined the victim and found physical evidence to support a charge of sexual abuse, support the verdict against Petitioner. Petitioner, therefore cannot establish actual prejudice.

Likewise, Petitioner's claim of actual innocence cannot excuse his procedural default by reason of the fact that Petitioner presents no new evidence of his claim, rather, he relies on alleged facts which were known to him at the time of his trial. In order for a claim of actual innocence to excuse a procedural default, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of new evidences." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner has failed to so establish this standard.

Judge Medler also discusses Petitioner's noncognizable claims. The Court agrees these claims are not cognizable for the reasons set forth in the Report and

Recommendation.

Finally, the Report and Recommendation sets out a single basis for the Court's consideration. Petitioner claims that his incarceration is illegal because Sixth Amendment right to be confronted with witnesses against him was violated when the trial court permitted Dr. Dureska, the examining physician, to testify regarding statements the victim made to him. The Report sets out a complete and detailed analysis of the applicable law regarding state court evidentiary rulings *vis a vis* habeas consideration. Indeed, the Report explores every avenue for this Court's determination. Based on the applicable law, the Court agrees with Judge Medler, for the reasons set out in the Report and Recommendation that Petitioner has not established that the admission of Dr. Dureska's testimony was not contrary to nor a misapplication of federal law. 28 U.S.C. § 2254. *Evans v. Lubbers* 371 F.3d 438, 443 (8th Cir. 2004); *United States v. Macklin*, 104 F.3d 1046, 1048 (8th Cir. 1977).

## **Conclusion**

Based upon the foregoing, the Court adopts Judge Medler's well-reasoned Report and Recommendation in its entirety. The Court finds that this Petitioner is time barred. Furthermore, Petitioner has procedurally defaulted all but one ground raised in his Petition. Additionally, several claims raised herein are not cognizable in a habeas petition. Finally, with respect to the sole ground not procedurally

defaulted, the Court finds that it without merit.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Habeas Corpus, [Doc. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 18th day of May, 2009.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE